IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ANDREW WILKERSON,

    Plaintiff,

v.

COLETTE PETERS, CAPTAIN
STEVEN BOSTON, JOHN DOES I–IV,
DOCTOR DIAMOND, DOCTOR VELEZ,

    Defendants.

No. 2:18-cv-01727-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on a Motion to Dismiss for Failure to State a Claim [15] filed by the named defendants in this case, who are employees of the Oregon Department of Corrections (ODOC). Plaintiff Andrew Wilkerson is a prisoner at the Oregon State Penitentiary and brings this lawsuit pro se. For the reasons below, I GRANT the named defendants' Motion to Dismiss [15].

## BACKGROUND

Mr. Wilkerson filed his Complaint under 42 U.S.C. § 1983, alleging two ways in which Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Compl. [2] at 1–2. First, Mr. Wilkerson claimed that four unnamed ODOC employees ("the Doe

defendants") sexually assaulted him in his cell while he was housed at Two Rivers Correctional Facility (TRCI). In addition to the four Doe defendants, Mr. Wilkerson named as defendants Collette Peters, director of ODOC, and Steven Boston, a corrections officer at TRCI. He alleges that Ms. Peters is liable for creating a hostile environment and failing to train ODOC employees. Compl. [2] at 4; Resp. [19] at 2. Mr. Wilkerson alleges that Steven Boston is liable for failing to "take any action to address the nature of Plaintiff's complaint" about the assault and "engag[ing] in the cover-up of the actions of the 4 Correctional Officer(s)." Compl. [2] at 5. The second way in which Mr. Wilkerson alleges that his right to be free of cruel and usual punishment was violated was by the involuntary administration of medication, which was approved by ODOC physicians Diamond and Velez. Compl. [2] at 5. Mr. Wilkerson claims that Defendants violated the Eighth Amendment because the forced medication is being administered without a court order. Compl. [2] at 5. For the reasons stated below, I find that Mr. Wilkerson has not stated a plausible claim for relief and, therefore, Defendants' Motion to Dismiss [15] is GRANTED with respect to the named defendants.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kernel*, 404 U.S. 519, 520–21 (1972). The court should construe pleadings by pro se plaintiffs

liberally and give them the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

I. <u>Sexual Assault Claim</u>

Ms. Peters and Mr. Boston moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Wilkerson's claims against them, which are related to the alleged sexual assault. They argue that Ms. Peters cannot be held liable for damages under § 1983 on a theory of respondeat superior. Mot. to Dismiss [15] at 2. They also argue that Mr. Wilkerson's request for retrospective declaratory relief is barred by the Eleventh Amendment. *Id.* Finally, they moved to dismiss the claims against Mr. Boston because Mr. Wilkerson's allegation that Mr. Boston failed to investigate does not state a claim for the violation of a constitutional right. *Id.*

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."). In order to hold a supervisor liable under § 1983, there must be a causal connection between the supervisor's wrongful conduct and the

3 – OPINION AND ORDER

constitutional violation. *Id.* That connection can be established by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207–08 (citation omitted) (alteration in original).

Mr. Wilkerson alleged that Ms. Peters is liable for his sexual assault because she created a hostile environment that facilitated the assault. Compl. [2] at 4. This allegation fails to establish Ms. Peters's personal involvement. Nor does Mr. Wilkerson allege that Ms. Peters was deliberately indifferent to sexual assaults by ODOC employees. The Complaint does not allege that Ms. Peters knew or should have known that Mr. Wilkerson was or would be sexually assaulted. Therefore, Mr. Wilkerson has not adequately pleaded a claim against Ms. Peters and the Motion to Dismiss [15] is granted with respect to Ms. Peters.

Mr. Wilkerson alleges that Mr. Boston is liable for failing to investigate the alleged sexual assault. Mot. to Dismiss [15] at 5. But Mr. Wilkerson did not claim that Mr. Boston failed to investigate. He acknowledged that Mr. Boston investigated the alleged sexual assault by reviewing video of the area around Mr. Wilkerson's cell. Resp. [19] at 2. Instead, Mr. Wilkerson alleges that Mr. Boston did not "address the nature of [the] complaint" after reviewing the video recordings, which Mr. Wilkerson alleges depict the assault. Compl. [2] at 4–5. While this claim comes close to alleging that Mr. Boston acquiesced in the assault, even a liberal reading of the Complaint does not lead to the conclusion that Mr. Boston was aware that a constitutional violation would occur. Taking the facts alleged in the Complaint in the light most favorable to Mr. Wilkerson, Mr. Boston investigated Mr. Wilkerson's claims only after the alleged assaults occurred. Therefore, there is no causal connection between Mr. Boston and the alleged sexual assault. And Mr. Wilkerson did not allege that Mr. Boston's inaction led to

another assault. Because, as the named defendants argue, there is no independent constitutional right to an adequate investigation when the investigation does not otherwise involve the deprivation of a protected right, Mr. Wilkerson has failed to state a claim against Mr. Boston. Mot. to Dismiss [15] at 5 (citing *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985). Therefore, the Motion to Dismiss [15] is granted with respect to Mr. Boston.

II. <u>Involuntary Medication</u>

Mr. Wilkerson's second claim is that the involuntary medication administered by ODOC physicians without a court order violates his "right to be free from unnecessary rigor and unusual punishment." Compl. [2] at 5. A prisoner may state a viable Eighth Amendment claim when medication is administered forcibly for a penological purpose. *See, e.g.*, *Knecht v. Gillman*, 488 F.2d 1136, 1139 (8th Cir. 1973). Mr. Wilkerson did not, however, allege that ODOC is medicating him as a form of punishment. Instead, the Complaint states that ODOC physicians "have not obtained any court orders to force Plaintiff to take medication against his will." Compl. [2] at 5. This claim sounds in Fourteenth Amendment due process rather than the Eighth Amendment.

Inmates have a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221 (1990). While the Due Process Clause requires procedures adequate to ensure that an inmate's interests are protected, "an inmate's interests are adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge." *Id.* at 231.

Mr. Wilkerson does not allege that he was deprived of the due process protections prescribed by the Court in *Washington v. Harper*. Instead, he bases his claim on the necessity of

5 – OPINION AND ORDER

judicial review, which the Court found to be unnecessary to meet the requirements of the Due Process Clause. Therefore, Mr. Wilkerson has failed to state a claim for his involuntary medication and the Motion to Dismiss [15] is granted with respect to Drs. Velez and Diamond.

## CONCLUSION

For the reasons stated above, the named Defendants' Motion to Dismiss for Failure to State a Claim [15] is GRANTED with respect to Defendants Peters, Boston, Velez, and Diamond. Because the claims against these defendants may be cured by an amended pleading, Plaintiff is granted leave to amend within 30 days of this Order. In addition, Plaintiff is required to identify the Doe Defendants and effect service on those defendants within 120 days of this Order. Plaintiff is advised that failure to identify and serve the Doe Defendants within 120 days of this Order may result in the dismissal of this case.

IT IS SO ORDERED.

DATED this 6th day of September, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge